IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOHAMED SHEHATA, LARA DARWISH MANNEH, | § | |
| | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | No. 1:25-CV-01834-DAE |
| v. | § | |
| | § | |
| MARCO RUBIO, in his official capacity as U.S. Secretary of State, *et al.*, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants'[1] Motion to Dismiss (the "Motion"). (Dkt. # 7.) The Court finds this matter suitable for disposition without a hearing. After careful consideration of the filings and the relevant law, the Court **GRANTS** Defendants' Motion to Dismiss. (Dkt. # 7.)

BACKGROUND

On November 13, 2025, Plaintiffs Mohamed Shehata ("Shehata") and Lara Darwish Manneh ("Manneh"), (collectively, "Plaintiffs"), filed this complaint seeking a writ of mandamus to compel Defendants to adjudicate the immigrant

[1] Defendants include Marco Rubio, the Secretary of the United States Department; John Armstrong, Assistant Secretary, Bureau of Consular Affairs; John Barrett, Deputy Chief of Mission at the United States Embassy in Cuba; and John Doe, Consular Officer, U.S. Embassy, Panama City, Panama. (Dkt. # 1.)

visa application of Manneh, Shehata's spouse. (Dkt. # 1.) Sometime prior to January 2024, Shehata filed a Form I-130, "Petition for Alien Relative" (the "Petition"), for his spouse, Manneh. (Id. at 4–5.) That Petition was approved by U.S. Citizenship and Immigration Services ("USCIS") on January 3, 2024, and USCIS transferred the case file to the U.S. Department of States National Visa Center. (Id.) Thereafter, on October 7, 2024, Manneh was interviewed before a consular officer in Panama City, Panama. (Id.) Plaintiffs allege that, since then, Defendants have not issued a final adjudication in Manneh's case. (Id. at 1–2, 4–8.)

Plaintiffs' Complaint asserts that Defendants have failed to adjudicate Manneh's visa application within a reasonable period of time and that the delay is arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"). (Dkt. # 1 at 7–8.) Plaintiffs request that the Court (1) enter an order mandating a time certain to complete the adjudication of Plaintiff Manneh's immigrant visa application; or (2) in the alternative, compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff Manneh's immigrant visa application immediately. (Id. at 8.)

Defendants move to dismiss Plaintiffs' Complaint, arguing that (1) the case is moot because the consular officer has already adjudicated Manneh's visa application; and (2) the case is non-justiciable under the doctrine of consular

nonreviewability. (Dkt. # 7.) In support of their Motion, Defendants attach a declaration executed by a U.S. Department of State employee. (Dkt. # 7-1.) Plaintiffs filed a memorandum in opposition to the Motion, (Dkt. # 8), and Defendants replied, (Dkt. # 9).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when a court lacks statutory or constitutional authority to adjudicate the claim. Home Builders Assoc. of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The Court must first address subject matter jurisdiction because, without it, the case can proceed no further. Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Ramming, 281 F.3d at 161.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

DISCUSSION

Under Article III of the Constitution, federal courts may only resolve the "legal rights of litigants in actual controversies." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013) (quoting Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982) (internal quotations omitted) ). An actual controversy must exist at all stages of review–not merely at the time the complaint is filed. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016). "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." Am. Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988). And if a controversy is moot, the trial court lacks subject-matter jurisdiction over it. Carr v. Saucier, 582 F.2d 14, 15–16 (5th Cir. 1978) (per curiam).

Federal Regulations provide that, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the [Immigration and Nationality Act ("INA")] and the implementing regulations, the consular officer must issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under

INA 243(d), discontinue granting the visa." 22 C.F.R. § 42.81(a). In this case, the evidence reflects that on the day of Manneh's consular interview, the consular officer refused Manneh's visa application pursuant to INA § 221(g), 8 U.S.C. § 1201(g). (Dkt. # 7-1 at ¶ 7.)

Courts in this District consistently find that a consular officer's visa refusal, like the one issued in this case, renders the cause of action moot because the action requested by the plaintiff—adjudication of the visa application—had already occurred. See Bamdad v. United States Dep't of State, No. 1:23-CV-757-DAE, 2024 WL 1462948 (W.D. Tex. Feb. 9, 2024); Jolghazi v. Blinken, No. 5:23-CV-01071-OLG, 2024 WL 4182593 (W.D. Tex. July 30, 2024); Roshan v. United States Dep't of State, No. 1-23-CV-1297-RP, 2024 WL 3843786 (W.D. Tex. July 22, 2024)[2]; Avride, Inc. v. Blinken, No. 1:24-CV-1318-RP, 2025 WL 3251548 (W.D. Tex. Sept. 29, 2025); Kulagin v. Blinken, No. A-24-CV-00953-ADA, 2025 WL 1231897 (W.D. Tex. Apr. 28, 2025). Indeed, a court in the Southern District of Texas recently conducted an exhaustive study of 8 U.S.C. § 1201(g) visa refusals and found consensus among the federal courts in Texas on this issue. Pegah Z. v. Blinken, No. 4:24-CV-00529, 2025 WL 629343, at *4 (S.D. Tex. Feb. 4, 2025).

[2] The plaintiff in Roshan filed a Rule 41 voluntary dismissal after U.S. Magistrate Judge Mark Lane issued his Report and Recommendation in Defendants' favor and before the court issued an order adopting or rejecting the Report and Recommendation. No. 1:23-CV-1297-RP, at Dkt. # 13.

Plaintiffs do not contest that a refusal was issued but instead argue that their case is not moot because that refusal was "inherently provisional and non-final." (Dkt. # 8 at 8.) The Court is not persuaded by Plaintiffs' arguments. Defendants have adjudicated Manneh's visa application. (Dkt. # 7-1.) "The mere possibility that an agency might reconsider . . . does not suffice to make an otherwise final agency action nonfinal." Sackett v. E.P.A., 566 U.S. 120, 127 (2012). Therefore, "the fact that the consular officer identified additional documents that could be submitted for reconsideration of the refusal of the visa application does not alone confer jurisdiction." Tariq v. Blinken, No. 3:21-CV-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023). Plaintiffs' arguments to the contrary without citations to any case law are unavailing. Accordingly, Plaintiffs' claims are moot, and the Court thus lacks subject-matter jurisdiction.

Because the Court finds that the action is moot, it declines to address whether consular nonreviewability bars Plaintiffs' claims.

## CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendants' Motion to Dismiss, (Dkt. # 7), is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is **INSTRUCTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, May 13, 2026.



David Alan Ezra
Senior United States District Judge